KING, The FRANCIS. See Cases Nos. 5,-042 and 5,043.

KING, The FRANCIS. See Case No. 17,355.

KINGMAN, The GEORGE. See Case No. 5,335.

## Case No. 7,812.

### KING OF SPAIN v. OLIVER.

[Pet. C. C. 217.] [1]

Circuit Court, D. Pennsylvania. April Term, 1816.

TRIAL—CONTINUANCE OF CAUSE—GOING WITNESS.

1. What is, and what is not, good ground for an application for a continuance of a cause.

2. It is the duty of a party who knows of the intended departure of a material witness, to take the deposition of such witness; and if he should neglect to do so, he should issue a commission, to take his testimony at the place where he may be, and to have the commission executed without delay.

3. The continuance of a cause, by consent, or by order of the court, while it is under a rule for trial or non pros, does not discharge the rule; and such a rule continues, until it is expressly discharged.

4. If a cause has been continued, from term to term by consent, it is the duty of the parties to be ready for trial at any subsequent time; and notice that it is intended to try the cause, is not required from either party.

In this case a motion was made for a continuance, founded on the affidavit of the Spanish minister, stating as reasons therefor, the following circumstances: First, that Mr. Sarmiento and Mr. Fatio are mate-

[1] [Reported by Richard Peters, Jr., Esq.]

rial witnesses for the plaintiff, without whose testimony, it would be unsafe for the plaintiff to go to trial. That the former left Philadelphia in 1814, and went to Spain on business, where he has been ever since, and still is: and that when he went from Philadelphia, it was his intention to return before the then next term of this court; but he had been unexpectedly delayed, and the affirmant declares his belief that the witness will return before the next term. As to the other witness, the affidavit stated, that he left this place in 1812, and went to Mexico on the business of the minister, where he had been ever since; but he was expected to return before the next term. The expectation of the return of both witnesses, was stated to be founded upon letters lately received from them. A second reason assigned for a continuance, was, the non-return of a commission to take a deposition sent to La Vera Cruz in 1810, and a duplicate forwarded in 1812, neither of which had been returned, on account of the difficulties of intercourse. The testimony to be expected by this commission, was stated in the affidavit to be such, as it was believed, will be important for explaining the transactions involved in this cause. It was further urged by the counsel, as an additional reason for a continuance, that this cause had been continued for the last two years, without opposition; and, that in such a case, if the defendant intended to press the trial at this term, he ought to have given notice of such intention. It was also insisted, that although this cause had been under a rule to try or non pros, since 1813; yet that the agreement in that year, to continue the cause until April, 1814, dispensed with the rule; and consequently, that the plaintiff had a right to continue, submitting to have the rule now renewed.

WASHINGTON, Circuit Justice. If the different reasons, assigned in the affidavit of the Spanish minister for a continuance, had not been frequently urged to and overruled by this court, it might be proper to give an opinion upon them in the present case. It will be sufficient now to say, that a weaker case, for a motion to continue, can scarcely be imagined, than the present. When a party knows that his witness is about to leave the country, he may, and it is his duty to, take his deposition. If he has failed to do so, and he knows to what place the witness has gone, he ought to obtain a commission without loss of time, and to endeavour to get it executed. If the witness departs, without the knowledge of the party that he had intended so to do, and he is ignorant to what part of the world he has gone, the case is altered, and the party is entitled to a reasonable indulgence. But he is not to remain inactive. indulging himself in suppositions, that the witness will return before he is wanted; and being disappointed,

to make this the ground for a continuance. As to the Vera Cruz commission, it has slept there ever since the year 1812; without one effort having been made to get it executed, or even an enquiry respecting it, so far as this court is informed. This is not the vigilance which the court expects to be used by a suitor, who comes to ask the favour, which is now sought to be granted. The party in such a case, must discharge himself from the imputation of a culpable negligence. As to the want of a notice to the plaintiff, that the cause would be pressed on for trial, this is no reason for a continuance. If it has heretofore been continued by consent, it is no reason why each party should not be at all times ready and prepared for trial, when the cause is called. Neither does the court yield to the argument, that the agreement of 1813, or the continuance under it, discharged the rule to try or non pros. The continuance of a cause under rule, by consent, or by order of the court, amounts to no more than a dispensation with the penalty of the rule, at that time; but the rule continues until it is expressly discharged. But there is still less pretext for the argument on this occasion; since the cause having remained upon the docket ever since 1810, with the rule annexed to it, and this, without objection or observation by the plaintiff's counsel, it is clear, that they have never supposed that the continuance under the agreement, discharged it. Motion overruled.